UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JENNA R.,                                                    Case No. 6:24-cv-01221-AR

                            Plaintiff,                       **OPINION AND
                                                             ORDER**

            v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                            Defendant.

_____

**ARMISTEAD, Magistrate Judge**

        In this judicial review of the Commissioner's final decision denying Social Security

benefits, plaintiff Jenna R. (her last name omitted for privacy) alleges that the Administrative

Law Judge made four errors. The Commissioner agrees that remand is warranted but fails to

concede any specific error on the ALJ's part. Instead, the Commissioner argues that because

ambiguities remain in the record, remand for further proceedings is warranted. Therefore, the

remaining question for the court is the appropriate remedy: whether to remand for an award of

benefits or for further proceedings. As discussed below, because plaintiff satisfies the three-part

credit-as-true analysis, and this court has no doubt that plaintiff is disabled, this case is remanded for an immediate award of benefits.[1]

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quotation and citation omitted). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges disability based on chronic pain, degenerative disc disease, knee injury, diabetes, and polycystic ovarian syndrome (PCOS). (Tr. 633, 666.) Plaintiff's impairments interfere with her ability to stand and walk, and she requires a four-point cane for stability. (Tr. 636.) She reported that she sleeps only two to three hours per night due to breathing problems, pain resulting from pressure on her hips and pelvis, GERD, and acid reflux. (Tr. 641-42.) At the time of her onset date, plaintiff weighed 478 pounds, and her body mass index of 76.41 was in the super morbid obesity range. (Tr. 1299) At the hearing, plaintiff also testified that she

---

[1]     This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and the parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c).

Page 2  – OPINION AND ORDER
*Jenna R. v. SSA*, 6:24-cv-01221-AR

performs personal care such as brushing her teeth and combing her hair while sitting. (Tr. 642.) Although she can sit in a reclining chair with lumbar support, most chairs do not provide adequate support for her form and put too much pressure on her hips and knees. (Tr. 640-41.)

On November 19, 2021, plaintiff applied for Title II benefits alleging disability beginning October 28, 2020. Her application was denied initially and on reconsideration. Plaintiff thereafter appeared at a hearing before ALJ Mark Triplett, on March 15, 2023. (Tr. 620.) The ALJ issued an unfavorable decision on November 1, 2023. (Tr. 603-14.) The Appeals Council denied plaintiff's request for review and plaintiff appealed. (Tr. 1-7.)

Plaintiff argues that the ALJ erred by (1) failing to give clear and convincing reasons to discount her subjective symptom testimony; (2) failing to explain how the supportability and consistency factors were considered when finding her treating physical therapist, Tessa Richards, unpersuasive; (3) failing to address the lay testimony of her partner, Cody Morris; and (4) failing to identify jobs in significant numbers that she could perform based on her RFC. (Pl.'s Opening Br. at 3, ECF No. 9.)

The Commissioner asks the court to remand the case so that the ALJ may reconsider plaintiff's subjective symptom testimony, re-evaluate PT Richards' medical opinion, offer plaintiff the opportunity for a new hearing, obtain supplemental vocational expert testimony, and issue a new decision. (Def.'s Br. at 6.) The Commissioner does not, however, concede that the ALJ erred or directly address any of the errors identified by plaintiff in her opening brief. Nevertheless, the Commissioner argues that there are numerous conflicts and ambiguities that must be resolved before a disability determination can be made, and that remanding for further proceedings is appropriate.

## DISCUSSION

When a court determines that the ALJ has committed harmful legal error in denying benefits, the court may affirm, modify, or reverse the decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or an immediate award of benefits, the court conducts a three step "credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under that analysis, the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015); *Garrison*, 759 F.3d at 1020. Even if all three steps are satisfied, the court retains "flexibility" to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Where both parties agree that remand is warranted, presumably they also agree that step one of the credit-as-true analysis is satisfied. Here, the Commissioner does not concede that the ALJ has failed to provide legally sufficient reasons for rejecting evidence and confusingly argues that "neither the first nor second prong" of the tripart test has been met. (Def. Br. at 5.) The Commissioner's position is untenable, as the court cannot discern why seeking a remand would be appropriate absent harmful error. And because the Commissioner fails to respond to plaintiff's arguments, the court is left to guess which, if any, harmful error asserted by plaintiff it deemed meritorious. The court therefore concludes that step one of the credit-as-true analysis is satisfied.

Turning to step two, the Commissioner argues that conflicts and ambiguities exist that require resolution before a disability determination can be made. (Def. Br. at 5.) Pointing to plaintiff's subjective complaints that she suffers from chronic back pain and is unable to sit for long periods in "hard" office chairs, the Commissioner contends that the ALJ reasonably determined her allegations were unsupported by records showing that plaintiff benefitted from physical therapy, medication, and had unremarkable findings on physical examination. (Def.'s Br. at 5 citing Tr. 1094, 1103, 1128-29, 1151, 2137, 2163.) The Commissioner also highlights that reviewing agency physicians found plaintiff capable of performing a range of sedentary work despite her impairments. (*Id.*) According to the Commissioner, "[e]ven if the ALJ's symptom evaluation was insufficient, there remain conflicts between the medical evidence and plaintiff's testimony that would first need to be resolved by the ALJ." (Def. Br. at 5.) The court is unconvinced.

Although the Commissioner identifies what it characterizes as specific inconsistencies in plaintiff's testimony, it nowhere argues that the ALJ's rationale for discounting her testimony is clear and convincing, or grapples with plaintiff's arguments about why the ALJ's reasoning fell short. And contrary to the Commissioner's contention, the evidence it cites does not detract from plaintiff's symptom testimony; rather, those records support plaintiff's claims of limited mobility as well as unpredictable exacerbations of chronic pain. For example, what the Commissioner characterizes as unremarkable findings, are often accompanied by clear evidence of fatigue and limited mobility: being "noticeably fatigued after 3 minutes"; having "significant movement limitations including deficits in ROM, strength, flexibility, posture, gait and joint mobility"; being observed as "unable to tolerate prolonged sitting" due to pain; CT scan results showing

"mild lumbar levoscoliosis and multilevel degenerative disc disease" including "multilevel facet arthropathy" and "at least mild left foraminal narrowing at L4-L5 and L5-S1 levels"; functional limitations including "walking, standing > 15 minutes" and "sitting long periods." (Tr. 1094-95, 1103, 1128, 47, 2140.)

The Commissioner also fails to make specific arguments about the agency doctors' opinions and fails to explain how their opinions address plaintiff's need to lie down, nap, or use a chair that can accommodate her physical limitations as advanced in plaintiff's briefing. (Tr. 660, 671.)[2]

Similarly, concerning PT Richards's opinion, the Commissioner contends that the ALJ reasonably discounted the limitation that plaintiff is unable to remain seated for prolonged periods in "hard" office chairs because it was based on plaintiff's self-report, not clinical findings. (Def.'s Br. at 5.) The Commissioner also suggests that "even if" that portion of the ALJ's assessment of PT Richards' opinion was flawed, the opinion is not necessarily persuasive because the ALJ—not the court—needs the opportunity to evaluate it for consistency with the larger record. (*Id.*)

Again, the Commissioner's position is frustrating. The Commissioner does not concede that the ALJ erred in evaluating PT Richard's opinion or address plaintiff's arguments. In doing so, the Commissioner isolates a single portion of the ALJ's analysis and glosses over the

---

[2]    The agency doctors discounted plaintiff's claims of pain, fatigue, and lack of mobility because "ADL's show able to perform self-care, able to lift 45 lbs., able to do house chore tasks." (Tr. 660, 671.) Here again, the record is much more nuanced than the agency doctors' reports indicate, as plaintiff reported significant accommodations in completing her daily activities, including the need to lie down and rest frequently, have chairs throughout her house for rest breaks, and nap due to poor sleep at night. (Tr. 790-801.)

remaining 45-plus treatment records from PT Richards that are exhaustively examined in plaintiff's briefing that discuss her need to reposition frequently, take breaks and nap due to fatigue, and her debilitating pain. (Pl.'s Br. at 3-16.)

As for plaintiff's alleged error regarding the VE testimony, the Commissioner states that even if the ALJ erred in failing to resolve conflicts between the VE's testimony and the DOT, further proceedings "would remain necessary" to provide the ALJ an opportunity to resolve the conflict or "further question a vocational expert about other occupations Plaintiff would be able to perform with her RFC." (Def. Br. at 6.) And the Commissioner is entirely silent regarding plaintiff's argument regarding the ALJ's disregarding the lay witness testimony.

As this court previously has concluded, the Commissioner's failure to respond to a claimant's arguments constitutes a waiver. *Matthew Jacob C. v. Comm'r Soc. Sec. Admin.*, No. 1:23-cv-00906-AR, 2024 WL 4100551, at *4 (D. Or. Sept. 6, 2024) (citing *Sara H. v. Comm'r Soc. Sec. Admin.*, Civ. No. 2:23-cv-649-CL, 2024 WL 3065903, at *5 (D. Or. June 20, 2024) ("In failing to respond to the merits of Plaintiff's claims, the Commissioner has waived those issues."); *Jeffrey C. v. Kijakazi*, Case No. 3:22-cv-79-SI, 2023 WL 4760603, at *3 (D. Or. July 26, 2023) ("The Government's failure to defend Plaintiff's allegations of error, however, is a concession of those alleged errors."); *Lacey G. v. Comm'r Soc. Sec. Admin.*, Case No. 3:21-cv-00882-YY, 2022 WL 17845936, at *2 (D. Or. Dec. 22, 2022) ("Courts have held that the Commissioner's failure to respond to a plaintiff's arguments constitutes a concession."); *Krista B. v. Comm'r, Soc. Sec. Admin.*, No. 3:20-cv-01822-HL, 2021 WL 5235969, at *4 (D. Or. Nov. 10, 2021) ("This Court declines to independently review and assess Plaintiff's arguments where the Commissioner has not done so on review. Nor will this Court remand those issues to the ALJ

for further consideration, thereby forcing Plaintiff to relitigate them."); *Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013) (construing the Commissioner's failure to respond to argument as concession; stating the "[c]ourt will not manufacture a defense on the Commissioner's behalf where Plaintiff has identified an at least plausible error")).

By refusing to undertake an analysis of plaintiff's arguments, and agreeing only to remand for additional proceedings, the Commissioner seeks a mulligan or "do over." Accordingly, the Commissioner's failure to respond to plaintiff's direct challenge to the ALJ's subjective symptom findings, medical opinion evidence, lay witness testimony, and vocational expert testimony, constitutes a waiver of those arguments for this judicial review. The court will not undertake an analysis of plaintiff's arguments and the ALJ's provided rationales where the Commissioner has failed to do so. Consequently, the court will not remand issues that the Commissioner has failed to respond to, which would cause plaintiff to have to re-litigate them. *Krista B.*, 2021 WL 5235969, at *4. Step two of the credit-as-true test is satisfied.

Turning to step three, the court concludes that if the improperly discredited evidence were credited as true, the ALJ would be required to find plaintiff disabled on remand. At her March 2023 hearing, plaintiff testified that she could not hold down any type of job because chronic, unpredictable pain requires her to "either have to be in a reclining position" or "lay in bed with mobility aids, such as heat pads, TENS unit, cold compresses and arthritis creams." (Tr. 633.) She she sits in a reclining chair anywhere from four to six hours a day. (Tr. 637.) Special chairs are needed to accommodate her height and weight capacity, and to avoid pain from too much pressure on her hips and knee. (Tr. 641.) She can complete personal grooming, including bathing and using the restroom, but only with mobility aids. (Tr. 642.) At the hearing, the VE

testified that needing to lie down two hours in an eight-hour day would preclude an individual from completing the sedentary positions identified. (Tr. 651-52.) The VE also testified that a larger chair to accommodate a person of larger size, with extra lumbar support, would be considered an accommodation and not something that would be considered part of the standard work environment. (Tr. 652.)

Accordingly, plaintiff's fully credited symptom testimony and PT Richard's opinion demonstrate that the ALJ would be required to find her disabled, and all three steps of the credit as true test are satisfied.

Finally, the record does not create serious doubt that plaintiff is, in fact, disabled. The court, therefore, exercises its discretion to remand this case for an immediate calculation and award of benefits.

## CONCLUSION

For the above reasons, the Commissioner's motion to remand (ECF 18) is GRANTED, the Commissioner's final decision is REVERSED, and this case is REMANDED for an immediate calculation and award of benefits.

DATED: April 18, 2025.

_____
JEFF ARMISTEAD
United States Magistrate Judge